UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:13-cv- 1283 |
| $24,335.00 UNITED STATES CURRENCY | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and Lindsay Dunn, Assistant United States Attorney, alleges on information and belief as follows:

NATURE OF THE ACTION

1.  This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881(a)(6) because the defendant property constitutes proceeds of, or is property used to facilitate a violation of, the Controlled Substances Act.

JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3.  This Court has in rem jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b) (forfeiture action can be brought in district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in

the government's possession).

4.  This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendant is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5.  The defendant is twenty four thousand three hundred and thirty-five dollars in United States currency (the "$24,335.00" or the "money" or the "defendant currency"), seized by the United States Federal Drug Enforcement Administration (the "DEA") on March 18, 2013, from the residence located at 717 Hidden Valley Lane, Richmond, Indiana, and occupied by Matthew A. Lee and Randi Whalen.

6.  The DEA assigned asset identification number 13-DEA-579579 to the defendant currency.

## FACTS

7.  In March 2013, Matthew A. Lee ("Lee"), along with his girlfriend Randi Whalen ("Whalen"), resided at 717 Hidden Valley Lane, Richmond, Wayne County, Indiana ("Lee's residence" or the "residence").

8.  On March 13, 2013, officers with the Wayne County Sheriff's Department investigated a vehicle accident at the intersection of North Round Barn Road and Tingler Road in Richmond, Wayne County, Indiana. Lee was identified as one of the drivers involved in the vehicle accident.

9.  At the scene of the accident, officers noticed a strong odor of marijuana emanating from Lee's vehicle.

10. Found during a search of Lee's vehicle was approximately 2.5 pounds of marijuana.

11. Lee was arrested for possession of marijuana, possession of marijuana with intent to deliver, and operating a motor vehicle while intoxicated.

12. On March 18, 2013, Special Agent with the DEA, Kevin Steele ("SA Steele"), conducted a follow up investigation jointly with officers of the Wayne County Drug Task Force at Lee's residence.

13. Upon approaching Lee's residence, the law enforcement officers noticed the odor of marijuana emanating from within the residence. Both Lee and Whalen were at the residence. The law enforcement officers advised Lee of the marijuana odor and of their intention to verify whether Lee was a marijuana distributor.

14. Lee and Whalen both signed written consents allowing the officers and SA Steele to search the residence. After having been read his *Miranda* rights, Lee advised the officers and SA Steele that there was marijuana and large amounts of currency inside the residence.

15. Found in a table drawer in the living room were a clear plastic baggie containing a substance that appeared to be marijuana, a smoking pipe, and cigarette rolling papers.



16. Found in the laundry room in a large black duffel bag were several empty plastic and vacuum sealed bags, nine (9) plastic zip lock and slide lock plastic baggies each containing

marijuana, a glass mason jar containing marijuana, and an electronic scale. The total amount of marijuana found was approximately 8.5 pounds.





17. Found in a dining room cabinet was a Rival brand vacuum sealer.




18. Found in the master bedroom, in a black trash can near the bed, was the $24,335.00.

4



19. The $24,335.00 was taken to the Richmond Police Department where a canine trained in narcotics detection alerted officers to the presence of the odor of narcotics on the defendant currency.

20. Lee was taken to the Richmond Police Department and interviewed by SA Steele and Task Force Officer Andrew Jury ("TFO Jury"). While there Lee was again read his *Miranda* rights, and he voluntarily signed an advice of rights (acknowledging his *Miranda* rights) and waiver of rights form.

21. Lee told SA Steele and TFO Jury that he was previously employed at Prestige Delivery Systems in Dayton, Ohio and that on four occasions he supplied quarter or half pound increments of marijuana to a fellow employee, who in turn sold the marijuana to another individual.

22. Lee admitted that the marijuana found in his residence was from Eugene, Oregon and that it had been transported from Eugene to the Dayton, Ohio area.

23. Lee told SA Steele and TFO Jury that he planned to sell each pound of marijuana for $4,000.00.

24. Lee admitted that he had been involved in marijuana trafficking since at least

2009.

25.     Lee was arrested and charged by the State of Indiana, in the Wayne County Circuit Court, with dealing marijuana, in violation of Indiana Code 35-48-4-10(a)(2) and possessing marijuana, in violation of Indiana Code 35-48-4-11(1) (the "State case").  *See* Wayne County Circuit Court Docket 89C01-1303-FD-000091.  The State case is currently pending.

26.     The DEA initiated administrative forfeiture proceedings against the $24,335.00.  With the assistance of attorney Ross G. Thomas ("Attorney Thomas"), Lee submitted a claim to the defendant currency that was received by the DEA on May 15, 2013. *See* Exhibit A, Lee's Administrative Claim.

27.     In his claim, Lee stated only that "the property was seized from [him] on March 18, 2013" and that he wanted to "contest any forfeiture in the United States District Court." Exhibit A.

PERTINENT STATUTES

28.     Under 21 U.S.C. § 841(a)(1), it is a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

29.     Marijuana is a Schedule I controlled substance (21 U.S.C. § 812(c); 21 C.F.R. § 1308.11(d)(23)).

30.     Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States and no property right shall exist in them.

<u>PRAYER FOR RELIEF</u>

Based on the factual allegations set forth above, there is probable cause to believe that the defendant currency is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. §801 *et seq.*]," and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the defendant currency pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States for disposition according to law; and that the United States be granted any relief this Court may deem just and proper.

        Respectfully submitted,

        JOSEPH H. HOGSETT
        United States Attorney


By:   *s/Lindsay Dunn*
      Lindsay Dunn
      United States Attorney's Office
      10 W. Market St., Suite 2100
      Indianapolis, IN  46204
      Phone:  (317) 226-6333
      Fax:  (317) 226-5027
      E-mail: Lindsay.Dunn@usdoj.gov

VERIFICATION

STATE OF INDIANA     )
                     ) SS:
COUNTY OF MARION     )

I, Kevin W. Steele, being first duly sworn upon my oath depose and say that I am a Special Agent of the United States Drug Enforcement Administration, that I make this Affidavit for and on behalf of the United States of America; and that the allegations in the foregoing Complaint for Forfeiture In Rem are true to the best of my knowledge and belief.

Kevin W. Steele
Special Agent
United States Drug Enforcement Administration

STATE OF INDIANA     )
                     ) SS:
COUNTY OF MARION     )

Subscribed and sworn to before me, a Notary Public, this 12th day of August, 2013.

Stacey A. Talbott, Notary Public

My Commission Expires: July 14, 2019

County of Residence: HANCOCK